# EXHIBIT A

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 16389448
2022CH000019
FILEDATE: 1/21/2022 11:13 AM
Date Submitted: 1/21/2022 11:13 AM
Date Accepted: 1/21/2022 2:31 PM
GW

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
STATE OF ILLINOIS, COUNTY OF DUPAGE**

| | |
|---|---|
| MEDPRO WASTE DISPOSAL, LLC, ) <br> an Illinois limited liability company, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> MEDICAL SYSTEMS OF DENVER, INC., ) <br> a Colorado corporation, ) <br> ) <br> Defendant. ) | Case No.: **2022CH000019** |

**VERIFIED COMPLAINT**

NOW COMES the Plaintiff, MEDPRO WASTE DISPOSAL, LLC (hereinafter "MedPro Disposal"), by and through its attorneys, SmithAmundsen, LLC, and for its Verified Complaint for Violation of the Illinois Trade Secrets Act, Tortious Interference with Business Relationship, Violation of the Illinois Uniform Deceptive Trade Practices Act, Defamation, Request for a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction, and other relief, against Defendant, MEDICAL SYSTEMS OF DENVER, INC. (hereinafter "MSDI"), states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. At all relevant times, MedPro Waste Disposal, LLC is an Illinois limited liability company, with its principal place of business located at 1751 W Diehl Rd Suite 400, Naperville, IL 60563.

2. At all relevant times, Defendant Medical Systems of Denver, Inc. is a Colorado corporation, with its principal place of business located at 7600 Johnson Drive, Frederick, CO 80504.

1

3. This Court has jurisdiction over this action under Section 5/2-209 of the Illinois Code of Civil Procedure, among other authority. *See* 735 ILCS 5/2-209(a).

4. Venue is proper in this Court pursuant to Section 5/2-101 of the Illinois Code of Civil Procedure. *See* 735 ILCS 5/2-101.

**STATEMENT OF FACTS**

5. MedPro Disposal is and was at all times material, a waste disposal company that provides regulated pick-up, transportation, treatment and disposal services for regulated medical waste, biohazard waste, sharps, and pharmaceuticals.

6. MedPro Disposal originally started its business in Illinois and has grown into a premiere waste disposal company that services customers located in 47 of the 50 states.

7. Since MedPro Disposal was founded in 2009, it has expended considerable amount of efforts and devoted substantial amount of resources, including but not limited to time, money and labor, to establish its customer base and develop its customer list.

8. Defendant MSDI is and was at all times material, engaged in the business of collecting, transporting and disposing of medical waste.

9. MedPro Disposal has been using MSDI as a third-party vendor to provide the medical waste disposal services to MedPro Disposal's customers since 2011.

10. Due to the long-term business relationship between MedPro Disposal and MSDI, no written contract has been executed by the parties to govern the transactions that have been completed between them.

11. MedPro Disposal has always made payments to MSDI timely for the services MSDI provided to MedPro Disposal's customers.

12. In order for MSDI to provide services to MedPro Disposal's customers, MSDI was provided with MedPro Disposal's valuable confidential and proprietary information, including but not limited to, customer list, customer data, the needs or preferences of the customers, the contact persons or decision-makers at such customers, costs information relating to the services.

13. MedPro Disposal had spent significant amount of time, financial and human resources to develop and recruit the customers serviced by MSDI, including, but not limited to service frequencies, pricing information, type of services to be provided.

14. It is MSDI and MedPro Disposal's mutual understanding and an oral agreement that MSDI shall only use the confidential and proprietary information MedPro Disposal provided to it for servicing MedPro Disposal's customers as a third-party vendor.

15. On or about January 14, 2022, upon information and belief, MSDI sent a letter to MedPro Disposal's all sixty (60) customers in Colorado and three (3) customers in Wyoming. *See* some examples of the letters MSDI sent to MedPro Disposal's customers attached hereto as **Exhibit A**.

16. In the letters to MedPro Disposal's customers, MSDI falsely disparaged MedPro Disposal as an internet company that collects contracts for medical waste services and subcontracts the work to third-party vendors, then marks up the fees and bills to its customers. *See id.*, pg. 2. This statement is misleading.

17. In the letters to MedPro Disposal's customers, MSDI also disparaged MedPro Disposal by falsely claiming that MedPro Disposal does not pay MSDI's bills timely. *See id.* This statement falsely questions the credit worthiness of MedPro Disposal, and suggests to MedPro Disposal's customers that they should leave MedPro Disposal because it is not a trustworthy internet company.

18. In the letters to MedPro Disposal's customers, MSDI wrongfully attempts to induce MedPro Disposal's customers to discontinue their business relationships with MedPro Disposal and explicitly asked MedPro Disposal's customers to set up direct accounts with MSDI. *See id.* MSDI also made numerous phone calls to MedPro Disposal's customers relaying the same false information.

19. MSDI intentionally misappropriated MedPro Disposal's confidential customer information and willfully and maliciously sent the said letters to interfere MedPro Disposal's business relationship with its customers, in order to wrongfully poach MedPro Disposal's customers.

20. Upon information and belief, subsequent to sending the letters to MedPro Disposal's customers, MSDI has been continuing its wrongful conduct and poaching MedPro Disposal's customers.

21. Several customers have already terminated their business relationship with MedPro Disposal as a direct result of MSDI's disparaging statements.

22. MedPro Disposal has and will continue to suffer damages and irreparable harm to its reputation and business due to MSDI's misconduct.

## COUNT I
## VIOLATION OF ILLINOIS TRADE SECRETS ACT

23. MedPro Disposal realleges paragraphs 1 through 22 as though fully set forth herein.

24. The Illinois Trade Secrets Act defines a "trade secret" as "information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or <u>list of actual or potential customers</u> or suppliers, that: (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use;

4

and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality." 765 ILCS 1065/2(d) (emphasis added).

25. MedPro Disposal's customer information is not generally known. MedPro Disposal has spent considerable amount of efforts to keep its customer information confidential and would only disclose it to third-party vendors when it is necessary to provide waste disposal services to MedPro Disposal's customers.

26. MedPro Disposal included a non-disclosure provision and a non-compete provision in its standard subcontractor agreement with the third-party vendors in order to protect the confidentiality of its customer information.

27. MedPro Disposal strictly restrict its employees' access to the customer information and their ability to download data from MedPro Disposal's Customer Relationship Management system. MedPro Disposal has terminated employees for unauthorized sharing of confidential customer data with third-party vendors.

28. MedPro Disposal derives considerable economic value from keeping its customer information confidential.

29. The confidential customer information MedPro Disposal provided to MSDI constitutes trade secret under Illinois law and has intrinsic commercial value to the business of MedPro Disposal.

30. A person misappropriates a trade secret of another by, among other things, using the trade secret without the other person's express or implied consent, despite knowing that knowledge of the trade secret was "acquired under circumstances giving rise to a duty to maintain its secrecy or <u>limit its use</u>," or "derived from or through a person who owed a duty to the person

seeking relief to maintain its secrecy or <u>limit its use</u>." 765 ILCS 1065/2(b)(2)(B)(II) and (III) (emphasis added).

31. MSDI did not think on its own to develop or acquire the confidential information outlined in this Complaint. It only obtained the information while servicing MedPro Disposal's customers with an understanding that the information was proprietary and confidential and it belonged to MedPro Disposal.

32. MSDI misappropriated MedPro Disposal's customer information to poach MedPro Disposal's customers, knowing that it should only use the customer information for providing services to MedPro Disposal's customers.

33. MSDI's misappropriation and misuse of MedPro Disposal's customer information has significantly impacted MedPro Disposal's reputation and business relationship with its customers.

34. The Illinois Trade Secrets Act authorizes injunctive and other relief to remedy actual misappropriation of trade secrets. 765 ILCS 1065/3(a).

35. Unless MSDI is restrained and enjoined from misusing MedPro Disposal's trade secrets and client information, MedPro Disposal will suffer immediate and irreparable harm in that MSDI will continue to use the said client information to damage MedPro Disposal's reputation and business relationship with its customers.

36. MedPro Disposal has no adequate remedy at law to redress the irreparable harm that will be caused by MSDI's continuous misappropriation of MedPro Disposal's trade secrets. Injunctive relief is, therefore, necessary and appropriate to restrain MSDI's wrongful conduct and prevent MSDI from further damaging MedPro Disposal's business.

37. As a direct and proximate result of MSDI's misappropriation of MedPro Disposal's trade secrets, MedPro Disposal has already suffered damages in an amount yet to be determined. MedPro Disposal is entitled to recover damages from MSDI. *See* 765 ILCS 1065/4.

38. By reason of MSDI's willful and malicious conduct in misappropriating MedPro Disposal's trade secret, MedPro Disposal is entitled to an award of exemplary damages from MSDI in such amounts as necessary to deter MSDI from the commission of similar wrongful conduct, as well as reasonable attorney's fees pursuant to §5 of the Illinois Trade Secrets Act. *See* 765 ILCS 1065/5.

WHEREFORE, Plaintiff, MEDPRO WASTE DISPOSAL, LLC, prays that the Court enter a judgment in its favor and against Defendant, MEDICAL SYSTEMS OF DENVER, INC., as follows:

(1) Preliminarily and permanently enjoining MSDI from using MedPro Disposal's trade secrets;

(2) Awarding MedPro Disposal the damages caused by MSDI's misappropriation of MedPro Disposal's trade secrets up until the date MSDI is permanently enjoined from doing so; and

(3) Awarding MedPro Disposal the amount of attorney's fees, costs and expenses that the Court deems reasonable, and any other relief that the Court deems proper and just.

## COUNT II
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

39. MedPro Disposal realleges paragraphs 1 through 22 as though fully set forth herein.

40. MedPro Disposal has valid business relationships with its sixty (60) customers in Colorado and the three (3) customers in Wyoming to which MSDI sent letters.

7

41. MSDI as the third-party vendor that provided services to the said customers upon MedPro Disposal's requests, has been fully aware of the business relationships between MedPro Disposal and these customers for years.

42. MSDI intentionally and maliciously sent letters to MedPro Disposal's customers to induce them to breach and/or terminate their contracts with MedPro Disposal by making untrue and false statements about MedPro Disposal.

43. MSDI's wrongful conduct severely disrupted MedPro Disposal's relationships with its customers. There have already been customers that terminated the contractual relationships with MedPro due to MSDI's disparaging letters and wrongful conduct.

44. As a direct and proximate result of MSDI's tortious interference, MedPro Disposal has and will continue to suffer damages in an amount yet to be determined.

WHEREFORE, Plaintiff, MEDPRO WASTE DISPOSAL, LLC, prays that the Court enter a judgment in its favor and against Defendant, MEDICAL SYSTEMS OF DENVER, INC., for compensatory and consequential damages, attorney's fees and costs, and any other relief that the Court deems appropriate and just.

**COUNT III**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**

45. MedPro Disposal realleges paragraphs 1 through 22 as though fully set forth herein.

46. A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person, among other things, "disparages the goods, services, or business of another by false or misleading representation of fact." 815 ILCS 510/2(8).

47. In the letters MSDI sent to MedPro Disposal's customers in the course of its illegal business practices, MSDI disparaged MedPro Disposal as no more than a company that only exists

8

on the internet and makes profits through marking up fees that customers would not have to pay, without providing any virtual services to the customers. *See* Exh. A, pg. 2.

48. MSDI also disparaged MedPro Disposal by falsely claiming that MedPro Disposal does not pay its vendors timely, intentionally damaging its reputation and standing with its customers. *See id.*

49. MSDI knowingly and maliciously made the deceptive statements about MedPro Disposal's business and services in its letters in order to mislead MedPro Disposal's customers and poach them from MedPro Disposal.

50. MedPro Disposal's reputation and business relationships with its customers have and will continue to be significantly impacted by MSDI's deceptive trade practices.

51. The Illinois Uniform Deceptive Trade Practices Act authorizes injunctive relief to be granted to parties that are harmed by deceptive trade practices. *See* 815 ILCS 510/3.

52. Unless MSDI is restrained and enjoined from disparaging MedPro Disposal's business and services, MedPro Disposal will suffer immediate and irreparable harm in that MSDI is continuing its deceptive trade practices to damage MedPro Disposal's reputation and business relationship with its customers.

53. MedPro Disposal has no adequate remedy at law to redress the irreparable harm that will be caused by MSDI's continuous deceptive trade practices. Injunctive relief is, therefore, necessary and appropriate to restrain MSDI's wrongful conduct and prevent MSDI from further damaging MedPro Disposal's business.

54. By reason of MSDI's willful and malicious conduct in disparaging MedPro Disposal, MedPro Disposal is entitled to an award of exemplary damages from MSDI in such

amounts as necessary to deter MSDI from the commission of similar wrongful conduct, as well as reasonable attorney's fees pursuant to the Illinois Uniform Deceptive Trade Practices Act. *See id.*

WHEREFORE, Plaintiff, MEDPRO WASTE DISPOSAL, LLC, prays that the Court enter a judgment in its favor, preliminarily and permanently enjoin Defendant, MEDICAL SYSTEMS OF DENVER, INC. from disparaging MedPro Disposal, award MedPro Disposal reasonable attorney's fees, costs and expenses, and any other relief that the Court deems proper and just.

## COUNT IV
## DEFAMATION

55. MedPro Disposal realleges paragraphs 1 through 22 as though fully set forth herein.

56. MSDI falsely stated in the letters it sent to MedPro Disposal's customers that MedPro Disposal is only an internet company that makes profits through marking up fees that customers would not have to pay, and does not provide any virtual services to the customers. *See* Exh. A, pg. 2.

57. MSDI also falsely stated in the letters it sent to MedPro Disposal's customers that MedPro Disposal does not pay its vendors timely. *See id.*

58. MSDI's false and misleading statements about MedPro Disposal's business significantly impacted MedPro Disposal's reputation and business relationship with its customers.

59. As a direct and proximate result of MSDI's defamatory statements made to MedPro Disposal's customers, MedPro Disposal has already suffered damages in an amount yet to be determined. MedPro Disposal is entitled to recover damages from MSDI.

60. Unless MSDI is restrained and enjoined from making defamatory statements about MedPro Disposal's business, MedPro Disposal will suffer immediate and irreparable harm in that MSDI will continue to spread those defamatory statements to damage MedPro Disposal's reputation and business relationship with its customers.

61. MedPro Disposal has no adequate remedy at law to redress the irreparable harm that will be caused by MSDI's defamatory statements. Injunctive relief is, therefore, necessary and appropriate to restrain MSDI's wrongful conduct and prevent MSDI from further damaging MedPro Disposal's business.

WHEREFORE, Plaintiff, MEDPRO WASTE DISPOSAL, LLC, prays that the Court enter a judgment in its favor and against Defendant, MEDICAL SYSTEMS OF DENVER, INC., as follows:

(4) Preliminarily and permanently enjoining MSDI from making defamatory statements about MedPro Disposal;

(5) Awarding MedPro Disposal the damages caused by MSDI's defamatory statements made to MedPro Disposal's customers; and

(6) Awarding MedPro Disposal the amount of attorney's fees, costs and expenses that the Court deems reasonable, and any other relief that the Court deems proper and just.

## COUNT V
## REQUEST FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION

62. MedPro Disposal realleges paragraphs 1 through 22 as though fully set forth herein.

63. MedPro Disposal seeks a temporary restraining order, and preliminary and permanent injunction directing Defendant MSDI, its agents, servants, employees, representatives, and all others in active concert or participation with them, to be enjoined or directed as follows:

    a.    To immediately cease using MedPro Disposal's trade secrets in any manner;

    b.    To immediately cease poaching MedPro Disposal's customers;

    c.    To refrain from any disparagement of MedPro Disposal, its services, products, employees, or any other aspect of the company;

    d.    To retract the aforementioned letters that were sent to MedPro Disposal's customers and send a written statement to each of such customers correcting the false and defamatory statements about MedPro Disposal;

    e.    To refrain from conducting business with MedPro Disposal's customers whose information MSDI obtained through MedPro Disposal for two (2) years.

64. MedPro Disposal has shown herein and will show at the time of trial that: (1) it has a substantial likelihood for success on the merits of its claims in this action; (2) it will suffer imminent and irreparable harm if the requested injunctive relief is not granted; (3) the threatened injury to MedPro Disposal outweighs any potential harm to MSDI; and (4) the relief will not disserve the public interest.

WHEREFORE, Plaintiff, MEDPRO WASTE DISPOSAL, LLC, prays that the Court enter a judgment in its favor and enter a temporary restraining order, and preliminary and permanent injunction against Defendant, MEDICAL SYSTEMS OF DENVER, INC., and award Plaintiff any other relief that the Court deems just and proper.

        Respectfully submitted,

By: _____
One of the attorneys for Plaintiff
MedPro Waste Disposal, LLC

Gary Zhao
SmithAmundsen LLC (#42907)
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
gzhou@salawus.com
DuPage Attorney# 26847

        clk

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
STATE OF ILLINOIS, COUNTY OF DUPAGE

MEDPRO WASTE DISPOSAL, LLC, )
an Illinois limited liability company, )
                                                                                     )
                     Plaintiff, )
    v.                                                      )   Case No.:

MEDICAL SYSTEMS OF DENVER, INC., )
a Colorado corporation, )
                                                                                 )
                    Defendant. )

## CERTIFICATION

I, Dan Hansen, certify that I am the ___President/COO___ of MedPro Waste Disposal, LLC, an Illinois corporation, which corporation is the Plaintiff in the above entitled action. The allegations in this Complaint are true and correct.

Dated: January 20, 2022

                                                                            _____
                                                                                 Dan Hansen

13

# EXHIBIT "A"



**MEDICAL SYSTEMS OF DENVER. INC.**
Premium Healthcare Safety Solutions

7600 Johnson Drive
Frederick, CO 80504

DENVER CO 802

11 JAN 2022 PM





US POSTAGE
$00.53⁰
First-Class
Mailed From 80504
01/10/2022
032A 0061830984

Montrose Oral Surgery
600 S. Park Ave
Montrose, CO 81401

81401-432400



## Immediate Attention Required

1/14/2022

**TO:** Practice Administrator
Montrose Oral Surgery
600 S Park Ave, Montrose 81401

**From:** Todd Hubbard
Medical Systems
7600 Johnson Drive
Frederick, CO 80504

**Subject:** Medical Waste Services

This letter is regarding your medical waste services and a potential interruption in service. Medical Systems is currently providing your practice with medical waste services. However, you are not contracted with Medical Systems, you are contracted with MedPro Disposal. MedPro Disposal is a third-party medical waste company based out of Naperville Illinois. They are basically an internet company that collects contracts for medical waste services and then subcontracts the work to local medical waste companies. Those companies bill MedPro. MedPro then marks up the fees and bills you.

We are suspending all services to MedPro. The main reason for this is the fact that they do not pay their bills in a timely manner. Additionally, we do not feel that you should be paying a marked-up price for the service we provide. Effective 1/14/2022 we will discontinue service to all MedPro customers. To avoid this impacting your practice we would like to contract with you directly. This will ensure you continue to receive the service we have been providing. We will also save you money in this process. We will charge you what we charged MedPro. This will eliminate the markup MedPro puts on the service.

Please contact us as soon as possible to arrange direct service and avoid any service interruption!

Please contact Jessica Damron to get your direct account setup.

**Jessica Damron**
**Phone:** 303-772-7971 ext. 403
**Email:** Jessica.Damron@Medical-Systems.com

If you have any questions please do not hesitate to give me a call or send an email

Respectfully,

Todd Hubbard
VP of Sales
Medical Systems



## Immediate Attention Required

1/14/2022

**TO:** Practice Administrator
Epiphany Dermatology-Grand Junction
2530 8th St 205, Grand Junction 81501

**From:** Todd Hubbard
Medical Systems
7600 Johnson Drive
Frederick, CO 80504

**Subject:** Medical Waste Services

This letter is regarding your medical waste services and a potential interruption in service. Medical Systems is currently providing your practice with medical waste services. However, you are not contracted with Medical Systems, you are contracted with MedPro Disposal. MedPro Disposal is a third-party medical waste company based out of Naperville Illinois. They are basically an internet company that collects contracts for medical waste services and then subcontracts the work to local medical waste companies. Those companies bill MedPro. MedPro then marks up the fees and bills you.

We are suspending all services to MedPro. The main reason for this is the fact that they do not pay their bills in a timely manner. Additionally, we do not feel that you should be paying a marked-up price for the service we provide. Effective 1/14/2022 we will discontinue service to all MedPro customers. To avoid this impacting your practice we would like to contract with you directly. This will ensure you continue to receive the service we have been providing. We will also save you money in this process. We will charge you what we charged MedPro. This will eliminate the markup MedPro puts on the service.

Please contact us as soon as possible to arrange direct service and avoid any service interruption!

Please contact Jessica Damron to get your direct account setup.

**Jessica Damron**
**Phone:** 303-772-7971 ext. 403
**Email:** Jessica.Damron@Medical-Systems.com

If you have any questions please do not hesitate to give me a call or send an email

Respectfully,

Todd Hubbard
VP of Sales
Medical Systems



## Immediate Attention Required

1/14/2022

**TO:** Practice Administrator
Seven Lakes Memory Care
1990 Pikes Peak Drive, Loveland 80538

**From:** Todd Hubbard
Medical Systems
7600 Johnson Drive
Frederick, CO 80504

**Subject:** Medical Waste Services

This letter is regarding your medical waste services and a potential interruption in service. Medical Systems is currently providing your practice with medical waste services. However, you are not contracted with Medical Systems, you are contracted with MedPro Disposal. MedPro Disposal is a third-party medical waste company based out of Naperville Illinois. They are basically an internet company that collects contracts for medical waste services and then subcontracts the work to local medical waste companies. Those companies bill MedPro. MedPro then marks up the fees and bills you.

We are suspending all services to MedPro. The main reason for this is the fact that they do not pay their bills in a timely manner. Additionally, we do not feel that you should be paying a marked-up price for the service we provide. Effective 1/14/2022 we will discontinue service to all MedPro customers. To avoid this impacting your practice we would like to contract with you directly. This will ensure you continue to receive the service we have been providing. We will also save you money in this process. We will charge you what we charged MedPro. This will eliminate the markup MedPro puts on the service.

Please contact us as soon as possible to arrange direct service and avoid any service interruption!

Please contact Jessica Damron to get your direct account setup.

**Jessica Damron**
**Phone:** 303-772-7971 ext. 403
**Email:** Jessica.Damron@Medical-Systems.com

If you have any questions please do not hesitate to give me a call or send an email

Respectfully,

*Todd*

Todd Hubbard
VP of Sales
Medical Systems

7600 Johnson Dr. Frederick CO 80504 – 303.772.7971

RECEIVED JAN 1 3 2022